IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MICHAEL K. MERRIFIELD,**

  **Petitioner,**

v.               **Case No.: 2:20-cv-00386**

**DONNIE AMES, Superintendent,**

  **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

  Pending before the Court is Petitioner's Motion for Habeas Corpus Bail Pursuant to 28 U.S.C. § 2254, (ECF No. 1). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned **RECOMMENDS** that the presiding District Judge **DENY, without prejudice**, Petitioner's § 2254 Motion for Bail, (ECF No. 1); and **DISMISS** and **REMOVE** this case from the docket of the Court.

**I.**  **Facts and Procedural History**

  *A.*  *Conviction and Appeal*

  On January 28, 2008, a jury in the Circuit Court of Putnam County, West Virginia ("the state court") found Merrifield guilty of first-degree murder, death of a child by means other than accident, and sexual abuse. (ECF No. 10 at 1). He was sentenced to life in prison without the possibility of parole. (*Id.*). Merrifield appealed his conviction to

1

the Supreme Court of Appeals of West Virginia ("SCAWV"), which refused his appeal on September 22, 2010. (*Id.*).

### B. State Habeas Petition

On May 9, 2011, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in the state court in Case No. 11-C-126. (ECF No. 10 at 2). After several rounds of amendments, Merrifield's so-called "Final Amended Petition for a Writ of Habeas Corpus" was filed on October 27, 2016, spanning hundreds of pages and asserting dozens of grounds for relief. (*Id.* at 7). Also on October 27, 2016, Merrifield filed a motion requesting bail in the interim of the state court's final order on his habeas petition. (ECF No. 1 at 2). He filed an amendment to this motion on October 2, 2017. (*Id.*). On April 20, 2018, the state court conducted a hearing on the issue of bail, during which Merrifield was represented by appointed counsel and argued that his underlying claim for habeas corpus relief was meritorious and state law supported a grant of bail in his case, while Respondent argued that the state court had no authority to issue postconviction bail to a habeas petitioner. (*See generally* ECF Nos. 1-1 at 9, 1-2 at 9). On May 9, 2018, the state court ordered that the matter be held in abeyance. (ECF No. 1 at 3). According to the parties, the state court has not yet ruled on the motion for bail or Merrifield's habeas claims. (*Id.*; ECF No. 10 at 7).

### C. Federal Habeas Petitions

On December 19, 2016, Merrifield filed a *pro se* petition pursuant to 28 U.S.C. § 2254 in this Court, offering the same grounds for relief as his state habeas petition. *See Merrifield v. Ballard*, Case No. 3:16-cv-12280 (S.D. W. Va. July 13, 2017); (ECF No. 10 at 8). He sought a waiver of the requirement that petitioners exhaust available state

remedies under § 2254 based on the inordinate delay in the state court's adjudication of his pending habeas petition, and requested the Court provide a ruling on the merits of his habeas corpus petition. (ECF No. 10 at 8). District Judge Robert C. Chambers adopted the PF&R prepared by Magistrate Judge Omar J. Aboulhosn and dismissed Merrifield's petition without prejudice, finding that the delay in the resolution of the case was due at least in part to Merrifield's frequent amendments and filings and requests for new counsel. (*Id.* at 10).

On June 5, 2020, Merrifield filed the instant § 2254 petition styled as a "Motion for Federal Court Intervention [Pertaining] to Habeas Corpus Bail Pursuant to 28 U.S.C. § 2254(b)(1)(B)." (ECF No. 1). In his petition, he requests that this Court "issue bail in the interim of his state habeas corpus proceeding." (*Id.* at 1). Merrifield argues that because the state court does not have authority to issue bail during the pendency of a state habeas claim, (*Id.* at 3–4), and because his state habeas claim is meritorious and insufficiently rebutted by the state government, (*Id.* at 7), he can ask this Court to issue bail under 28 U.S.C. § 2254(b)(1)(B). (*Id.* at 1). Merrifield sets forth the procedural background of his claim, noting that the state court has held the motion for bail in abeyance for over two years and highlighting his efforts to procure a ruling by the state court on the matter. (*Id.* at 1–3). He reverses course from his position in the state court, wherein he and his counsel argued that the state court could issue bail pending the outcome of his habeas case on the theory that his incarceration was "manifestly unjust," and now argues that there is no state process by which he can obtain bail. (*Id.* at 4; ECF No. 1-1 at 9). He contends that the state court has not yet scheduled an "Omnibus Hearing," even though he "still languishes away in prison" in contravention of his

3

constitutional rights. (ECF No. 1 at 7). According to Merrifield, the judge presiding over his bail hearing in the state court was "strongly shifting toward granting the motion for bail" despite what he now concedes is a lack of authority to do so. (*Id.*). Merrifield predicts that he will remain wrongly incarcerated for "many, many more years" as he awaits a decision from the state court, which renders futile his efforts to obtain relief. (*Id.* at 8).

On June 23, 2020, the undersigned ordered Respondent to answer Merrifield's petition. (ECF No. 8). On September 3, 2020, Respondent filed his response. (ECF No. 10). He argues that this Court lacks jurisdiction under § 2254 to order the State to release Merrifield because there is no federal constitutional right to bail pending the outcome of a state habeas proceeding. (*Id.* at 11–12). Emphasizing that Merrifield does not have health problems and is not near the end of his sentence, Respondent argues that no extraordinary circumstances exist to warrant federal intervention in this matter. (*Id.* at 12). He asserts that even if Merrifield were likely to succeed on the merits of his petition under § 2254, such likelihood would not bear on the issue of whether this Court is authorized to order bail. (*Id.*). Respondent next asserts that even if this Court could take jurisdiction over Merrifield's claim, his claims are unexhausted at the state level and therefore not subject to review in federal court. (*Id.* at 13). Respondent posits that the state court may indeed grant bail in a postconviction habeas corpus proceeding under W.Va. Code § 53-4-7 and § 62-1C-1(b) and that Merrifield may appeal if such bail is denied, reversing course from his position at the bail hearing in the state court. (*Id.* at 14; ECF No. 1-2 at 9). Respondent further contends that the delay in the resolution of Merrifield's case is due in part to Merrifield's continued filings and insistence on

litigating the issue of bail rather than focusing on the substance of his habeas claim, an issue that was also before this Court in Merrifield's prior § 2254 case. (ECF No. 10 at 15–16).

Merrifield's reply to Respondent's arguments was filed September 17, 2020. (ECF No. 13). Merrifield asserts that he is not required to exhaust his state remedies and that the Court is not limited to granting habeas bail only when a petitioner is in poor health or the petitioner's sentence is near complete. (*Id.* at 2–3). He contends that the underlying merits of his state habeas claims and the transcript of his bail hearing, coupled with the lack of an adequate response to his legal arguments in his state habeas case, provide enough support for this Court to grant his motion for bail because "a miscarriage of justice occurred and is still occurring." (*Id.* at 4). He adds that his likelihood of success on the merits of his claims, the inordinate delay, and futility of his state court proceedings give rise to "unusual and serious factors which reach exceptional circumstances" thus making the Court's grant of bail proper in this case. (*Id.* at 5). As an answer to Respondent's argument that there is no constitutional right to bail pending resolution of a state habeas case, Merrifield argues that habeas corpus itself "is a privilege, not a constitutional right," and that it would therefore be "disingenuous" for this Court to refuse to rule on his motion for bail on the ground that he has no right to such bail. (*Id.* at 6). He repeats his argument that the state court is without power to grant him bail during his pending habeas case, and further stresses that the state court process is ineffective because "if the [state court] was going to deny the motion, it would have done so a long time ago." (*Id.* at 7). He argues that the United States Court of Appeals for the Fourth Circuit's ("Fourth Circuit's") decision in *Plymail v. Mirandy*, 671

Fed. Appx. 869 (4th Cir. 2016) prevents the Court from refusing to waive the § 2254 exhaustion requirement on the basis that a zealous petitioner's actions caused delay rendering the state process ineffective. (*Id.* at 9–11). Finally, Merrifield provides additional information unavailable to him when he first filed his claim: first, that his life is in danger due to the ongoing COVID-19 outbreak at MOCC; second, that his father is hospitalized with no one to help him at home and that he could provide caretaking services if released on bail; third, that the law clerk assigned to his case at the state court has left the position, causing "despair" for Merrifield and his family; and fourth, that earlier this year, his counsel moved the state court for a status hearing, which has not yet been scheduled. (*Id.* at 11–12).

## II. **Standards of Review**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in State custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id.* at 300–01 (internal marks omitted). Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

In this case, Respondent requests denial of Merrifield's motion and alleges the Court lacks jurisdiction over the claim, presumably seeking dismissal under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 10). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the pleading are not true. *Adams,* 697 F.2d at 1219. In that case, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as Respondent does here, that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Fed. R. Civ. Rule 12(b)(6). *Id*. The burden of proving that the court has subject matter jurisdiction rests with the plaintiff. *Johnson*, 905 F. Supp.2d at 719. However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### III. Discussion

Typically, petitions brought pursuant to 28 U.S.C. § 2254 concern allegations of unconstitutional defects in state criminal proceedings or incarceration by petitioners seeking a writ of habeas corpus. Presently, however, Merrifield attempts to use § 2254

to obtain an order from this Court that he be released on bail from state prison while he continues to litigate his habeas corpus petition in the state court. In contrast to Merrifield's claim that his underlying habeas case is so complex it is "like opening Pandora's box only to find another one inside," the dispositive issue in the instant petition is simple: does this Court have jurisdiction to order Merrifield's release on bail pending determination of his state habeas case?

Merrifield argues that the state court is without power to grant his pending motion for post-conviction bond, thus creating "the absence of an available state corrective process" pursuant to § 2254(b)(1)(B). (ECF No. 1 at 4). The flaw in Merrifield's argument begins with his notion that the lack of a state corrective procedure implies the existence of a right which may be remedied in federal court. Lack of an effective "corrective measure" at the state level does not give rise to a cause of action in federal court unless there is a violation of federal rights to correct. "Certainly, the bald allegation that the petitioner is entitled to such relief does not state a valid claim." *Brown v. Leeke*, 460 F. Supp. 947, 949 (D.S.C. 1978) (dismissing a state prisoner's request for bail pending appeal of a state court's decision in his state habeas case); *Landano v. Rafferty*, 970 F.2d 1230, 1240 (3d Cir. 1992) ("[T]he absence of bail in [state court] is not an extraordinary circumstance warranting federal bail"). The Court may entertain an inmate's application for a writ of habeas corpus under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Merrifield does not reveal which constitutional or statutory provision is implicated by the state court's failure to grant him bail pending the outcome of his state

habeas case. Instead, he attempts to evade the question by arguing that, since habeas corpus itself is a "privilege, not a constitutional right," it would be "disingenuous for a court to entertain" a request for a writ of habeas corpus if the Court will not similarly hear a request for "habeas bail under the guise that it has no root in any constitutional right." (ECF No. 13 at 6). This argument is unavailing. While it may appear disingenuous to Merrifield, people convicted of crimes in fact *do* have a right to a writ of habeas corpus if they prove that their conviction or confinement is in some way violative of one of their constitutional or statutory rights. Yet, Merrifield has not shown the existence of a right—state or federal—to be granted bail during the pendency of a state habeas proceeding. It is a well settled principle that federal courts do not have jurisdiction to vindicate rights that do not exist. *Marbury v. Madison*, 5 U.S. 137, 154 (1803).

Although Merrifield does not allege—and has given this Court no reason to conclude—that the state court's failure to render a decision on his motion for bail violates his federal rights, he points to the supposed merits of his underlying state habeas case to explain why this Court should order bail. (ECF No. 13 at 4–5). However, as Respondent correctly notes, the merits of Merrifield's state habeas case are not at issue in this petition. (ECF No. 10 at 12). Merrifield seeks bail pending the state court's resolution of his petition; he does not seek a ruling on the merits of his claim. Therefore, even if this Court could conclude that Merrifield was wrongfully convicted based on the record in this case, such a conclusion would in no way support a grant of bail pending the outcome of his state habeas case. If a judgment imposed by a state court is found to be in violation of a § 2254 petitioner's rights, a writ of habeas corpus, not bail, is the remedy prescribed by statute. *Landano*, 970 F.2d at 1241 (holding that "probable

innocence" of a state prisoner would be relevant to a District Court order "granting the writ, not granting bail"). Merrifield is incarcerated pursuant to a sentence imposed on him by a state court judge following a conviction which has not been set aside or otherwise invalidated. No statutory or constitutional provision empowers this Court to issue bail to a person properly held in state custody during the pendency of civil litigation in state court related to such custody. Simply put, there is no legal basis for Merrifield's request that this Court grant him bail from his valid sentence. Therefore, the undersigned **FINDS** that Merrifield's request should be dismissed for failure to state a claim upon which relief can be granted.

As evinced by the state court judge's lack of clarity at Merrifield's bail hearing, his decision to take the matter under advisement, and the parties' own shifting positions on the subject, the question of the state court's power under West Virginia law to grant bail pending habeas proceedings appears unsettled. (ECF No. 1-2 at 9–10). The inability to determine if a state corrective process is available, which is necessary to resolve the question of this Court's jurisdiction over the claim pursuant to § 2254(b)(1)(B)(i), justifies this Court's abstention in the matter at hand. *See generally Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Although it would be inappropriate for a federal court to insert itself into ongoing proceedings in the state court in this instance, it is not necessary to discuss at length how the principle of comity may apply here, because Merrifield has no legally cognizable right to the relief he seeks. Merrifield asks the Court to grant him bail because, as he sees it, the state court's process is taking too long and is therefore ineffective. (ECF No. 13 at 7). However, even if Merrifield contended that the state court's failure to issue bail is violative of his rights, Respondent

is correct that such a claim is not exhausted and no circumstances exist that justify waiver of the exhaustion requirement. (ECF No. 10 at 13). Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In West Virginia, prisoners may exhaust their available state court remedies either by presenting cognizable federal constitutional claims in a direct appeal to the SCAWV, or by pursuing such claims in a petition for a writ of habeas corpus in a state circuit court under West Virginia Code § 53-4A-1 and appealing any adverse ruling by filing a petition in the SCAWV. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986).

Although the matter of bail has not been decided by the state court, it is doubtful that the state court's failure to issue a ruling violates Merrifield's rights. The multi-year delay in resolving Merrifield's motion for bail cannot form the basis for waiver of exhaustion where Merrifield himself concedes that the state court cannot grant him bail. Supreme Court precedent informs this Court that even in cases where a state prisoner's rights were clearly violated, "considerations of federal-state comity would still inhere, and it would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording the state courts the opportunity to correct a constitutional violation." *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981) (per

curiam). Where there is no established right to bail bending resolution of Merrifield's habeas petition, comity dictates that this Court not upset the state court's decision to imprison Merrifield following his conviction. Until Merrifield exhausts his state remedies regarding the claims that he wishes to raise under § 2254, the petition is premature in this court. Accordingly, the undersigned **FINDS** that Merrifield's motion should be dismissed, **without prejudice,** due to his failure to state a claim or exhaust his remedies in state court.

### IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY, without prejudice**, Petitioner's § 2254 Motion for Bail, (ECF No. 1); and **DISMISS** and **REMOVE** this case from the docket of the Court

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate

review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** December 22, 2020

Cheryl A. Eifert
United States Magistrate Judge