## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MICHAEL K. MERRIFIELD,

                Petitioner,

v.                                  CIVIL ACTION NO.   2:20-cv-00386

DONNIE AMES,

                Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Michael K. Merrifield's Motion for Federal Court Intervention Pertaining to Habeas Corpus Bail Pursuant to 28 U.S.C. § 2254(b)(1)(B) ("Motion for Habeas Corpus Bail").[1]   (ECF No. 1.)   By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R").   (ECF No. 2.)   By Order dated June 10, 2020, this civil action was transferred to United States Magistrate Judge Cheryl A. Eifert.   (ECF Nos. 5, 6.)   On December 22, 2020, Magistrate Judge Eifert filed a PF&R, (ECF No. 18), recommending that this Court deny, without prejudice, Petitioner's § 2254 Motion for Habeas Corpus Bail, and dismiss this matter from the Court's docket due to Petitioner's failure to state a claim upon which relief can be granted and his failure to exhaust his remedies in state court.   Petitioner filed his objections to the PF&R on January 22, 2021.   (ECF No. 22.)

---

[1] Also pending before the Court are Petitioner's letter-form Motion to Grant Bail, (ECF No. 35), and Emergency Motion for Leave to File Supplement Regarding Habeas Bail Petition, (ECF No. 38).   However, because the Court adopts the PF&R and dismisses Petitioner's § 2254 petition, the Court need not address these motions and **DENIES** them as **MOOT**.

For the reasons discussed herein, the Court **OVERRULES** Petitioner's objections, (ECF No. 22), **ADOPTS** the PF&R, (ECF No. 18), **DENIES** Petitioner's Motion for Habeas Corpus Bail, (ECF No. 1), and **DISMISSES WITHOUT PREJUDICE** this action from the docket of this Court.

## I.    BACKGROUND

On January 28, 2008, Petitioner was convicted upon a jury verdict in the Circuit Court of Putnam County, West Virginia of first-degree murder, death of a child by means other than accident, and sexual abuse.   (ECF No. 10 at 1.)   Petitioner was sentenced to life in prison without the possibility of parole.   (*Id.*)   Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia ("Supreme Court of Appeals"), which refused his appeal on September 22, 2010.   (*Id.*)   Petitioner subsequently filed a Petition for Writ of Habeas Corpus in the state court on May 9, 2011.   (*Id.* at 2.)   Petitioner's state court habeas proceeding is currently pending and has not been resolved.   (ECF No. 1 at 1–2.)

On October 27, 2016, Petitioner filed a motion in his state court habeas proceeding requesting bail in the interim pending the state court's disposition of his habeas petition.   (*Id.* at 2.)   Petitioner's state court motion for bail, like his habeas petition, is still pending in the state court.   (*Id.*)   Nevertheless, on December 19, 2016, Petitioner filed a *pro se* petition pursuant to 28 U.S.C. § 2254 in this Court, offering the same grounds for relief as his state habeas petition. *See Merrifield v. Ballard*, Case No.: 3:16-cv-12280 (S.D. W. Va. July 13, 2017).   Petitioner's 2016 petition was dismissed without prejudice due to his failure to meet the exhaustion requirement.   (ECF No. 10 at 10.)

2

The complete factual and procedural history of Petitioner's direct appeal and habeas proceedings in state court, as well as his prior federal habeas petition, are set forth in detail the PF&R and need not be repeated here.  (*See* ECF No. 18 at 1–6.)  The Court will provide a discussion of any relevant facts from Petitioner's original criminal case, state court habeas proceedings, and prior federal habeas proceedings as necessary throughout this opinion to resolve Petitioner's objections.

Petitioner brings the instant Motion for Habeas Corpus Bail, seeking "bail in the interim of his state habeas corpus proceeding, as 'there is an absence of an available state corrective process,' and [ ] extraordinary circumstances exist."[2]  (ECF No. 1 at 1.)  The PF&R thoroughly analyzes each of Respondent's arguments contained within his Response in Opposition to Petitioner's Motion for Bail Pending Outcome of Petitioner's State Habeas Corpus Proceeding, and recommends this Court deny Petitioner's Motion for Habeas Corpus Bail, without prejudice, and dismiss this matter from the Court's docket.  (ECF No. 18 at 13.)

## II.    STANDARD OF REVIEW

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other

---

[2] Several of Petitioner's objections appear to argue that an inordinate delay in the state court's adjudication of his habeas petition and motion for bail have caused him to suffer a due process violation under the 14th Amendment to the United States Constitution.  (*See* ECF No. 22 at 3–10, Objections #5–8, #10–13.)  Although these allegations may carry with them some merit—to be sure, Petitioner's state court habeas petition has been pending for over a decade and his motion for bail has been pending for over five years—Petitioner's Motion for Habeas Corpus Bail does not request that the Court remedy a violation of any identified federal right.   Nor does the Motion for Habeas Corpus Bail request relief in the form of an order that the state court resolve his pending habeas petition and motion for bail in a timely fashion.   Rather, Petitioner's Motion only requests that this court issue "federal habeas bail in the interim of his state habeas corpus proceeding," without identifying which of his federal constitutional or statutory rights have been violated by his custody.   (ECF No. 1 at 9.)   For the reasons explained in the body of this Memorandum Opinion and Order, this Court has no authority to grant such relief.

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Petitioner has objected, this Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.    DISCUSSION

As noted above, Petitioner's sole request in his Motion for Habeas Corpus Bail is that this Court grant him bail from state prison while he continues to litigate his habeas corpus petition in the state court. (ECF No. 1.) The magistrate judge's PF&R recommends that Petitioner's Motion for Habeas Corpus Bail should be dismissed because no statutory or constitutional provision empowers this Court to issue bail to a person properly held in state custody during the pendency of civil litigation in state court related to such custody, and because Petitioner has failed to fully exhaust his remedies in state court. (ECF No. 18 at 12–13.) Petitioner asserts thirteen objections in opposition to the magistrate judge's findings and recommendation as to his Motion for Habeas Corpus Bail. (ECF No. 22.) The Court will address each objection in turn.

As explained in greater detail below, the Court agrees with Magistrate Judge Eifert that Petitioner has no federal right to be granted bail during the pendency of his state court habeas proceeding. Moreover, the Court also agrees with the magistrate judge that Petitioner has failed to exhaust his state court remedies prior to filing the instant Motion for Habeas Corpus Bail.

4

Accordingly, for both of those reasons, Petitioner's Motion for Habeas Corpus Bail must be denied.

### A. Objection #1

Petitioner first objects to the magistrate judge's reference to his "Final Amended Petition for a Writ of Habeas Corpus" in the PF&R insofar as it was his court-appointed counsel's "adoption of his . . . *pro se* Petition for Writ of Habeas Corpus." (*Id.* at 1.) This objection does not appear to address any particular factual or legal analysis in the PF&R, but instead seeks to correct a miniscule detail regarding the Magistrate Judge's characterization of his state court habeas petition. Therefore, because Petitioner's first objection is general and conclusory, and does not direct the Court to a specific error in the PF&R, it is not entitled to *de novo* review by this Court. *Orpiano*, 687 F.2d at 47. Accordingly, the Court **OVERRULES** Petitioner's Objection #1.

### B. Objection #2

Petitioner's second objection attempts to "clarify his position" regarding his use of "the preponderance of the evidence standard when expressing the view of the state court '*strongly shifting toward granting [his] motion for bail*,'" and that "[t]his view is strictly associated with the merits of his habeas (miscarriage of justice) and not on the issue of jurisdiction." (ECF No. 22 at 1) (emphasis in original). This "objection" is no objection at all. It is general and conclusory, and does not direct the Court to a specific error in the PF&R. To be sure, the PF&R does not even mention the preponderance of the evidence standard. Accordingly, Petitioner's Objection #2 is not entitled to *de novo* review by this Court. *Orpiano*, 687 F.2d at 47. Therefore, the Court **OVERRULES** Petitioner's Objection #2.

### C. Objection #3

Next, Petitioner objects to the magistrate judge's reference to Petitioner's prediction "that he will remain wrongfully incarcerated for 'many, many more years' as he awaits a decision from the state court, which renders futile his efforts to obtain relief." (ECF No. 22 at 1–2.) Petitioner argues that he does not "predict" that he will remain wrongfully incarcerated, but simply restates the state court judge's assertion during a status hearing in his state court habeas proceeding. (*Id.*)

Again, this "objection" does not appear to object to any particular error in the PF&R, but rather seeks to clarify that Petitioner was "simply restating the Circuit Court Judge's assertion from the bench which was rendered on September 1, 2017 during a status hearing on the case." (*Id.* at 2.) Petitioner does not articulate how the magistrate judge's reference in this respect constitutes an error in the PF&R, rather Objection #3 is general and conclusory and points to no particular errors. Petitioner's Objection #3 is not entitled to *de novo* review by this Court. *Orpiano*, 687 F.2d at 47. Therefore, the Court **OVERRULES** Petitioner's Objection #3.

### D. Objection #4

Next, Petitioner objects to the magistrate judge's "misapplication" of *Plymail v. Mirandy*, 671 F. App'x 869 (4th Cir. 2016) and its decision upon remand, *Plymail v. Mirandy*, Case No.: 3:14-cv-06201, 2017 WL 4280676 (S.D. W. Va. Sept. 27, 2017), to the instant action because it "completely dispatches, in its entirety, the United States District Court's prior ruling in [*Merrifield v. Ballard*, Case No.: 3:16-12280 (S.D. W. Va. July 13, 2017)], holding [that] a request for new counsel procedurally delayed by the court and *pro se* filings **cannot** be assigned toward the Petitioner as causation in an inordinate delay claim." (ECF No. 22 at 2–3) (emphasis in original).

Petitioner's objection, however, is misguided.   The magistrate judge's sole citation of *Plymail* occurs when she merely restates Petitioner's argument regarding the *Plymail* decision and the § 2254 exhaustion requirement.   (ECF No. 18 at 5–6.)   The PF&R offered no substantive analysis of the *Plymail* decision, or of its applicability to the instant action.   The magistrate judge could not have possibly "misapplied" the *Plymail* decision if she offered no substantive analysis or reliance on it in the first place.   Because the magistrate judge did not rely on the *Plymail* decision in reaching her recommendations in the PF&R and, therefore, could not have "misapplied" its holding, the Court **OVERRULES** Petitioner's Objection #4 to the extent it objects to the magistrate judge's purported "misapplication" of *Plymail*.

Petitioner also objects to the PF&R on grounds that "[i]f this Court finds the state corrective process is available regarding bail under § 2254(b)(1)(B), it still does not get around the due process violation under the 14th Amendment . . . regarding the prior, present, or future inordinate delay/futility/ineffective process issues" in the instant case.   (ECF No. 22 at 2–3) (footnote omitted).   Presumably, this objection argues that, even if the Court finds that there are no grounds to waive the exhaustion requirement, still the state court's delay in adjudicating his habeas petition and his motion for bail has resulted in an inordinate delay constituting a violation of his Fourteenth Amendment rights.   Because of this alleged violation of his Fourteenth Amendment rights, and the resulting "inordinate delay," Petitioner urges the Court to waive the requirement that he otherwise fully exhaust his state court remedies.

28 U.S.C. §2254(b)(1) provides that

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

7

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Section 2254's exhaustion requirement is not jurisdictional; however, the Supreme Court has encouraged a "rigorously enforced total exhaustion rule" to "protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings" and to facilitate more comprehensive development of factual records before they are presented to the federal courts for review. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Nevertheless, unjustifiable delay by a state court in the adjudication of a prisoner's direct criminal appeal or post-conviction review petition may, in some circumstances, relieve a petitioner from Section 2254's exhaustion requirement. *See Farmer v. Cir. Ct. of Md. for Balt. Cty.*, 31 F.3d 219, 223 (4th Cir. 1994).

"[A]n inordinate and unjustified delay may excuse [a] petitioner from the traditional statutory requirements of exhaustion." *Walkup v. Haines*, 2005 WL 2428163 at *3 (S.D. W. Va. Sept. 30, 2005). In determining whether a delay is "inordinate" and "unjustified," courts examine several factors, including: (1) the length of the delay, (2) the significance of any action that has been taken in state court, and (3) the party responsible for the complained-of delay. *See Plymail*, 2017 WL 4280676 at *7 (collecting cases).

Petitioner appears to raise two grounds for waiving the exhaustion requirement:

(1) Petitioner argues that there is an absence of an available State corrective process to obtain the relief he seeks here; and

8

(2) Petitioner argues that, even if the Court finds that a State corrective process is available, still, the state court has inordinately delayed the adjudication of his state court motion for bail, thereby justifying waiver of the exhaustion requirement.

As Magistrate Judge Eifert points out, Petitioner himself avers that the state court does not have jurisdiction to grant him bail.   This premise is what Petitioner relies upon to articulate a basis for the Court to find an "absence of an available State corrective process."   Ironically, though, Petitioner argued in the state proceedings that the state court did have the authority to grant him bail during the pendency of his state habeas petition.   Respondent has employed a similar tactic— arguing during the state proceedings that the state court did not have the authority to grant Petitioner bail during the pendency of his state habeas petition, only to reverse course in this Court, arguing that the state court does have the authority to grant Petitioner bail.   Given Petitioner's position that the state court does not have the authority to grant him bail, Petitioner cannot rely upon the state court's multi-year delay in resolving his state court motion for bail as a basis for waiver of the exhaustion requirement.

The question as to whether the state court has the authority to grant a Petitioner bail during the pendency of his state court habeas petition unquestionably appears unsettled.   Consequently, it is also unsettled whether Petitioner, in fact, has an adequately available State corrective process to obtain the relief he seeks.   Thus, the Court agrees with Magistrate Judge Eifert that "considerations of federal-state comity . . . inhere, and it would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording the state courts the opportunity to correct a constitutional violation."   *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981).   Because it is for the state court to decide whether it has the authority to grant Petitioner bail during the pendency of his state court habeas proceeding, the Court declines to waive the

exhaustion requirement in this case on the basis that Petitioner does not have an adequate State corrective process to obtain bail.

Accordingly, the Court **OVERRULES** Petitioner's Objection #4 to the extent it argues that the exhaustion requirement should be waived due to the state court's inordinate delay in resolving his motion for bail, or due to the absence of an available State corrective process. Because no grounds exist for waiver of the exhaustion requirement, and because Petitioner has failed to totally exhaust his state court remedies, the Court agrees with Magistrate Judge Eifert's finding that the Motion for Habeas Corpus Bail should be dismissed, without prejudice, due to Petitioner's failure to exhaust his remedies in state court.

As a final matter with respect to Objection #4, the Court need not address the West Virginia Supreme Court of Appeals' decision in *Shamblin v. Hey*, 256 S.E.2d 435 (W. Va. 1979).   It is for the state court to decide whether it is authorized to grant Petitioner bail pursuant to the Supreme Court of Appeals' decision in *Shamblin*.   For the reasons outlined by the magistrate judge with respect to federal-state comity, (*see* ECF No. 18 at 12) (quoting *Duckworth*, 454 U.S. at 4), the Court declines to address whether the *Shamblin* decision authorizes the state court to grant bail while Petitioner's state court motion for bail remains pending.   It would be inappropriate for this Court to opine on the issue of postconviction bail under West Virginia law without affording the state court the opportunity to issue a decision on the issue.   *See generally Duckworth*, 454 U.S. at 4.   Therefore, the Court declines to opine whether the Supreme Court of Appeals' decision in *Shamblin* authorizes postconviction bail while Petitioner's state court motion for bail remains pending.

 *E.  Objection #5*

10

Next, Petitioner objects to the magistrate judge's apparent failure to recognize that he "raised and emphasize[d] the inordinate delay/futility/ineffective process as a factor of justification (extraordinary circumstances) to grant bail," which, he contends, "is literally inextricably intertwined with a due process violation under the 14th amendment. . . ."   (ECF No. 22 at 3.)   In this respect, Petitioner states that the alleged due process violation gives this Court "justification" to waive the exhaustion requirement and assume jurisdiction over his Writ of Habeas Corpus. (*Id.*)

However, the magistrate judge did raise Petitioner's arguments regarding inordinate delay and ineffective process, and Petitioner's objection on this ground does not articulate how the magistrate judge's recognition in this respect constitutes an error in the PF&R.   Rather, Objection #5 is general and conclusory and points to no particular errors.   Thus, Objection #5 is not entitled to *de novo* review by this Court.   *Orpiano*, 687 F.2d at 47.

Moreover, for the reasons explained above with respect to Objection #4, the Court agrees with the magistrate judge that Petitioner has failed to articulate a basis for waiving the exhaustion requirement, and has failed to otherwise identify a federal right to bail during the pendency of his state court habeas proceedings, thereby failing to state a claim upon which relief can be granted. Therefore, the Court **OVERRULES** Petitioner's Objection #5.

### F.   Objection #6

Next, Petitioner objects to the magistrate judge's finding that "[l]ack of an effective 'corrective measure' at the state level does not give rise to a cause of action in federal court unless there is a violation of federal rights to correct."   (ECF No. 22 at 3.)   Petitioner contends his "due process rights under the 14th Amendment are being violated as a result of the inordinate delay

from failing to adjudicate his habeas corpus and properly address his . . . petition for bail in the interim of the disposition." (*Id.* at 3–4.) Petitioner claims that the instant Motion brings an action claiming both "the absence of an available state corrective process," and "an inordinate delay/futile/ineffective process." (*Id.* at 4.)

As noted above, Petitioner need not satisfy the exhaustion requirement of § 2254 if he can show "an absence of an available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances . . . render[ing] such process ineffective to protect" his rights, 28 U.S.C. § 2254(b)(1)(B)(ii).   However, Petitioner fails to understand that, notwithstanding the fact that the exhaustion requirement potentially need not be met in some cases, the petition still must allege that his custody is somehow violative of his constitutional rights.   In this case, Petitioner does not allege that his custody is violative of his constitutional rights.   Rather, he argues that he is entitled to bail during the pendency of his state court habeas proceedings because the state court has inordinately delayed the adjudication of his state court habeas proceedings and his motion for bail.

However, there is no federal constitutional right to bail pending post-conviction habeas proceedings after a conviction in the state courts.[3]   *See Landano v. Rafferty*, 970 F.2d 1230, 1240

---

[3] The cases cited in support of this proposition rely upon the distinction in the procedural posture of a detainee awaiting trial and a prisoner in a post-conviction procedural posture.   As the First Circuit has explained:

> Bail, like habeas corpus, developed primarily as a pretrial institution . . . Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted.   The presumption fades upon conviction, and can be of no significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interest in executing its judgment.   Quite apart from the principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies . . . .

*Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972).

Here, Petitioner has been tried and convicted.   He has presented claims on direct appeal, and presently awaits disposition of his state court habeas petition.   Petitioner has also moved the state court to grant him bail in the interim of his state habeas petition.   Given this procedural posture, Petitioner does not appear to have a federal constitutional right to bail during the pendency of his state court habeas proceedings.

(3d Cir. 1992) (noting that New Jersey "does not provide for bail pending review of post-conviction motions of convicted felons," and that "there is no federal constitutional right to bail pending appeal of a state conviction"); *Brown v. Leeke*, 460 F. Supp. 947, 949 n.11 (D.S.C. 1978) ("The principles of comity and federalism that are embodied in the exhaustion requirement of § 2254 . . . would be torn asunder if federal courts granted requests by state prisoners to be released from prison while their appeals of denials of state post-conviction applications are pending in state courts.").   Accordingly, because Petitioner has no constitutional right to be released from custody on bail pending appeal after a state court conviction,[4] and because Petitioner does not otherwise allege that his custody is somehow violative of his constitutional rights,[5] the Court **OVERRULES** Petitioner's Objection #6.

---

This Court has not identified any authority recognizing a federal constitutional right to bail during the pendency of a state court habeas petition.  The PF&R did not identify any such authority.  Most importantly, Petitioner has not directed the Court to any such authority in his objections.

[4] Petitioner also appears to misinterpret the authorities discussing bail for a state prisoner during the pendency of habeas petitions.   The arguments advanced by Petitioner twist and distort the holdings of these authorities to support his position that he has a constitutional right to bail, when, in actuality, these holdings merely recognize a district court's "inherent power to admit [a] [state] prisoner to bail" while considering a petition for habeas corpus.  *Landano*, 970 F.2d at 1239 (citing *Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1955)).

In cases where a properly alleged petition for a writ of habeas corpus is before a district court, the district court may— within its inherent authority—grant a state prisoner bail during the pendency of the petition, only when the petitioner has demonstrated "exceptional circumstances" warranting bail.  *See Veal v. United States*, 486 F. Supp. 2d 564, 573 (N.D. W. Va. 2007).  Here, however, Petitioner has not brought a properly alleged petition for a writ of habeas corpus before the Court.  He has not properly alleged a violation of his constitutional rights, but merely requests that this Court grant him bail during the pendency of his state habeas proceedings.  Thus, because Petitioner has not presented a cognizable claim in his Motion for Habeas Corpus Bail under Section 2254, Petitioner's Section 2254 motion must be denied.

[5]  In his Letter-Form Motion for Bail, (ECF No. 35), Petitioner cites *Rivera v. Concepcion*, 469 F.2d 17 (1st Cir. 1972) as an example of a federal court intervening and granting bail to a state prisoner due to a delay in the state court's processing of the prisoner's direct appeal.   *Rivera*, however, is distinguishable from the instant case in a couple respects.   First, the procedural posture of the state prisoner's habeas petition in *Rivera* was such that the state prisoner was seeking a direct appeal of his state court conviction.   *Id.* at 18.   Here, however, Petitioner has exhausted a direct appeal of his state court conviction, and is presently collaterally attacking his conviction via his state court habeas petition.

*G.  Objection #7*

Next, Petitioner objects to the magistrate judge's assertion that "people convicted of crimes in fact *do* have a right to a writ of habeas corpus if they prove that their conviction or confinement is in some way violative of one of their constitutional or statutory rights."  (ECF No. 22 at 4) (emphasis in original).  Petitioner claims that the magistrate judge's term "if they prove" is "scathing with irony" because he has "not only been enduringly trying '*to prove*' that his conviction is in violation of his [ ] constitutional rights, [but] he has [also] done it in a respectful manner with highly-developed issues for relief[.]"  (*Id.* at 4–5) (emphasis in original).  Petitioner claims that his pursuit of his state court habeas petition has been inordinately delayed, and that his state court request for bail has also been inordinately delayed.  (*Id.* at 5.)

However, Objection #7 does not appear to object to any particular error in the PF&R. Petitioner does not articulate how the magistrate judge's assertion that people convicted of crimes do have a right to a writ of habeas corpus if they prove that their conviction or confinement is in some way violative of their constitutional or statutory rights.   In fact, the magistrate judge was simply stating a right that those who have been convicted of crimes absolutely have.   28 U.S.C. § 2254(a) ("[A] district court *shall* entertain an application for a writ of habeas corpus in behalf of a

---

Moreover, *Rivera* does not establish a constitutional right to bail pending collateral review of a state prisoner's conviction, but, instead, simply establishes bail as a possible remedy for state prisoner's seeking direct appeal of their conviction, when an inordinate delay in their direct appeal amounts to a violation of due process.  *Id.* at 19; *see also Morales Roque v. People of Puerto Rico, Superior Court, Humacao Part*, 558 F.2d 606, 606 (1st Cir. 1976) ("As this court indicated in *Rivera v. Concepcion*, 469 F.2d 17 (1st Cir. 1972), a criminal defendant who is held in custody following his conviction in the trial court of the Commonwealth of Puerto Rico has a right under the fourteenth amendment of the United States Constitution to a reasonably prompt hearing and disposition of his appeal.").

At this procedural posture—where Petitioner has exhausted a direct appeal of his conviction, and seeks to collaterally attack his conviction in the state courts—waiver of the exhaustion requirement in the face of an inordinate delay in the adjudication of Petitioner's state court habeas petition, is the appropriate remedy to seek, not the issuance of bail by this Court.

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Notwithstanding the fact that Petitioner's Objection #7 is general and conclusory, as Magistrate Judge Eifert points out, if the state court has inordinately delayed his state habeas petitioner, Petitioner's remedy is to file a writ of habeas corpus in federal court challenging his conviction and to seek a waiver of the exhaustion requirement, not to ask this Court to grant him bail during the pendency of his state court habeas proceeding.   (ECF No. 18 at 10.)

Objection #7 is general and conclusory and points to no particular errors.   As such, it is not entitled to *de novo* review by this Court.   *Orpiano*, 687 F.2d at 47.   Therefore, the Court **OVERRULES** Petitioner's Objection #7.

### H.  Objection #8

Next, Petitioner objects to the magistrate judge's finding that he "has not shown the existence of a right—state or federal—to be granted bail during the pendency of a state habeas proceeding."   (ECF No. 22 at 5.)   Petitioner claims he "has a due process right to have his habeas resolved in a timely fashion."   (*Id.*)   Petitioner relies on *Plymail*, which he contends holds that a four-and-a-half-year delay in a petitioner's habeas proceedings violates due process and is a sufficient delay to justify waiver of the exhaustion requirement.   (*Id.*)

While Petitioner's contention that the prolonged adjudication of his state court habeas proceeding warrants waiver of § 2254's exhaustion requirement *may* carry some merit—although the Court need not, and certainly declines to make such a finding on this point at this juncture— Petitioner has not brought his state court habeas petition before this Court.   As Magistrate Judge Eifert points out in the PF&R, "the merits of [Petitioner's] state habeas case are not at issue in this

[P]etition," (ECF No. 18 at 10), rather, "the dispositive issue in the instant [P]etition is simple: does this Court have jurisdiction to order [Petitioner's] release on bail pending determination of his state habeas case," (ECF No. 18 at 9).

Petitioner merely alleges that the state court's failure to decide his motion for bail is violative of his constitutional rights.   However, as noted above, there is no federal constitutional right to bail during the pendency of a state prisoner's post-conviction proceedings.   *See Landano*, 970 F.2d at 1240; *Brown*, 460 F. Supp. at 949 n.11.   Accordingly, because Petitioner has no constitutional right to be released from custody on bail pending a state habeas proceeding after a state court conviction, the Court **OVERRULES** Petitioner's Objection #8.

I.   *Objection #9*

Next, Petitioner objects to the magistrate judge's assertion that the merits of his state court habeas corpus case are not at issue in this petition.   (ECF No. 22 at 6.)   Petitioner claims that "[i]t is common legal knowledge . . . that when an inordinate delay/futility/ineffective process in state court is alleged in a § 2254 under (b)(1)(B)(i)(ii) and subsequently determined by the District Court, the habeas corpus grounds for relief append to the subsequent adjudication."   (*Id.*) Petitioner cites no legal authority articulating this "common legal knowledge," however, a brief discussion of § 2254 may clarify the procedural requirements of federal habeas corpus proceedings.

When a state prisoner is "in custody pursuant to the judgment of a State court," his federal habeas petition is subject to 28 U.S.C. § 2254, which carries with it several requirements that must be met before a federal court may entertain a habeas petition.   One such requirement is that the application for a writ of habeas corpus must allege that the petitioner "is in custody in violation of

the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   But, even if the petition alleges a federal right that is being violated by his custody, the petitioner still must exhaust all available state court remedies before a federal court may entertain the merits of the petition. 28 U.S.C. § 2254(b)(1)(A).   While the exhaustion requirement may be waived via two exceptions—*see* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)—the petitioner must clear an additional hurdle under §2254(d).   Under §2254(d), the petitioner must show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . . ."   28 U.S.C. §2254(d).   If any one of these procedural requirements is not met, a federal court may not entertain the petition.

Here, Petitioner apparently concludes that because the exhaustion requirement may be waived in this case due to the state court's inordinate delay in adjudicating his state court habeas petition, this Court has the authority to grant him bail pursuant to § 2254.   This conclusion is baseless and ignores the requirement that Petitioner allege a particular federal right that is being violated by his custody, which—as discussed above with respect to Objection #6—he has failed to do.   Contrary to Petitioner's argument, his underlying habeas grounds for relief do not automatically append to the instant Motion for Habeas Corpus Bail upon a finding of inordinate delay.   Rather, should the Court determine that Petitioner is entitled to waiver of the exhaustion requirement, the Court may then only consider the merits presented in Petitioner's Motion for Habeas Corpus Bail—which do not allege any of the grounds asserted in his pending state court habeas petition.   To the extent Petitioner attempts to assert in his objections that this Court should

proceed to consider the merits of the grounds asserted in his state court habeas petition, this is procedurally improper.  *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (holding that the district court did not err in declining to hear a petitioner's arguments raised for the first time in his objections to the PF&R).   Accordingly, because Petitioner has failed to articulate any federal right to bail during the pendency of his state court habeas proceeding, the Court **OVERRULES** Petitioner's Objection #9.

*J.  Objection #10*

Next, Petitioner objects to the magistrate judge's observation that "West Virginia law to grant bail pending habeas proceedings appears unsettled."  (ECF No. 22 at 6.)   He claims that "[t]he particular facts of this case dictate [that] [he] has no way of getting this supposed 'unsettled' matter in front of the [Supreme Court of Appeals] to determine."  (*Id.*)   Petitioner, citing *Duckworth*, avers that "[t]hese unusual circumstances create an ineffective process, mandating federal court intervention."  (*Id.* at 7.)

However, even if Petitioner had shown that the state court corrective process was so clearly deficient as to render futile any effort to obtain relief[6]—which, as discussed above with respect to Objection #4, he has not—still Petitioner has not identified any cognizable federal right to bail during the pendency of his state court habeas proceeding.  *See Landano*, 970 F.2d at 1240; *Finetti*, 609 F.2d at 597; *Brown*, 460 F. Supp. at 949 n.11.   As such, the Court **OVERRULES** Petitioner's Objection #10.

*K.  Objection #11*

---

[6] To be sure, such a showing would relieve Petitioner of § 2254's exhaustion requirement.  *See* 28 U.S.C. § 2254(b)(1)(B)(ii).   Nevertheless, such a showing alone does not confer this Court with the authority to entertain a § 2254 petition absent grounds that his custody is somehow violative of his federal rights under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. §2254(a).

Next, Petitioner objects to the magistrate judge's assertion that, even if Petitioner had raised

a legally cognizable right to the relief he seeks, he still has not exhausted his available state court

remedies—with respect to his request for bail pending resolution of his state habeas petition—and

that no circumstances exist that justify waiver of the exhaustion requirement.   (ECF No. 22 at 7.)

Relying on *Plymail*, Petitioner claims the circumstances of his case render the process of obtaining

bail from the state court ineffective, and that any attempt to obtain bail from the state court would

be futile.   (*Id.* at 8.)   However, Objection #11 merely repeats the grounds asserted in Objection

#4.   As explained above, inordinate delay in the adjudication of Petitioner's state court motion for

bail does not justify waiver of the exhaustion requirement.   The issue as to whether West Virginia

courts have the authority to grant a state prisoner bail during the pendency of his state court habeas

proceedings appears unsettled, and it would be inappropriate for this Court to grant Petitioner

bail—thereby upsetting Petitioner's state court conviction—without first giving the state court an

opportunity to correct any violation of Petitioner's constitutional rights.   *See Duckworth*, 454 U.S.

at 4.

Petitioner has also failed to articulate any federal constitutional or statutory right that is

implicated by the state court's failure to grant him bail pending the outcome of his state habeas

case.   (ECF No. 18 at 9–10.)   Notwithstanding the requirement that Petitioner exhaust his state

court remedies, Petitioner must show that "he is in custody in violation of the Constitution or laws

or treaties of the United States" for this Court to entertain a § 2254 petition.   28 U.S.C. § 2254.

Petitioner has failed to allege that his custody is violative of his federal rights, but rather requests

that this Court grant him bail because the state court's inordinate delay with respect to the

adjudication of his motion for bail is in violative of his Fourteenth Amendment rights.   However,

19

as noted above there is no federal constitutional right to bail pending review after a conviction in the state courts.   *See Landano*, 970 F.2d at 1240; *Brown*, 460 F. Supp. at 949 n.11.

As the magistrate judge pertinently notes, petitions brought pursuant to 28 U.S.C. § 2254 usually "concern allegations of unconstitutional defects in state criminal proceedings or incarceration by petitioners seeing a writ of habeas corpus."  (ECF No. 18 at 8.)   Section 2254 does not confer this Court authority to issue Petitioner bail during the pendency of his state court habeas proceedings.   Accordingly, the Court **OVERRULES** Petitioner's Objection #11.

*L.   Objection #12*

Next, Petitioner objects to the magistrate judge's finding that "the state court's failure to issue a ruling [on Petitioner's request for bail] . . . cannot form the basis for waiver of exhaustion where [Petitioner] himself concedes that the state court cannot grant him bail."  (ECF No. 22 at 8.)   In this respect, Petitioner contends that "by not ruling on the [state court] motion for bail, the violation of due process further widens as a result of the inordinate delay from failing to adjudicate the grounds for habeas relief."   (*Id.* at 9.)   However, as explained above, there has not been such an inordinate delay in the adjudication of Petitioner's state court motion for bail warranting this Court's waiver of the exhaustion requirement.   The issue as to whether West Virginia courts have the authority to grant a state prisoner bail during the pendency of his state court habeas proceedings appears unsettled, and it would be inappropriate for this Court to grant Petitioner bail—thereby upsetting Petitioner's state court conviction—without first giving the state court an opportunity to correct any violation of Petitioner's constitutional rights.   *See Duckworth*, 454 U.S. at 4. Accordingly, the Court **OVERRULES** Petitioner's Objection #12.

*M.   Objection #13*

Finally, Petitioner objects to the magistrate judge's reluctance to interfere with the state court's conviction of Petitioner.   (ECF No. 22 at 9–10.)   Citing *Preiser* and *Duckworth*, Petitioner contends that the state court "invite[d] federal court intervention in this rare case" because the state court has had an opportunity to correct a glaring constitutional violation, and has failed to do so.   (*Id.* at 10.)

The Court need not reiterate its reasoning as to why it would be inappropriate to grant him bail during the pendency of his state court habeas proceeding, as well as during the pendency of his state court motion for bail.   Nevertheless, consistent with the reasoning articulated above, Petitioner has failed to allege a violation of a cognizable federal right relating to his custody which this Court may remedy pursuant to § 2254.   Moreover, it would be inappropriate to upset a state-court conviction without affording the state courts the opportunity to correct a constitutional violation.   *Duckworth*, 454 U.S. at 4.   Accordingly, the Court declines to grant Petitioner bail during the pendency of his state court habeas proceedings and **OVERRULES** Objection #13.

*N.   Whether Petitioner's "Motion" is a Petition Under § 2254*

The Court must address one final issue—whether Petitioner's "Motion for Federal Court Intervention Pertaining to Habeas Corpus Bail Pursuant to 28 U.S.C. § 2254(b)(1)(B)" is actually a § 2254 petition.   While this issue does not play a dispositive role in this case, it certainly may impact Petitioner's right to bring any future habeas corpus petition.   Further, while this discussion is mostly dicta for purposes of the present case, the Court is hopeful that this analysis will aid future courts, should Petitioner file a subsequent § 2254 petition.

As noted above, Petitioner's motion is captioned as if it is brought pursuant to 28 U.S.C. § 2254(b)(1)(B).   (ECF No. 1.)   Moreover, it is captioned as a motion for "Habeas Corpus Bail,"

implying that document—although entitled a "motion"—is actually a § 2254 petition.   Despite the confusing labeling of Petitioner's "motion," the Court is satisfied that the motion is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because a writ of habeas corpus is the exclusive remedy for state prisoners challenging the duration of their confinement, and for those seeking immediate or speedier release.   *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Here, Petitioner unquestionably seeks immediate release from his confinement—in the form of bail—and argues that he is entitled to release because the state court's adjudication of his pending motion for bail has been inordinately delayed and is violative of his rights under the Fourteenth Amendment.   A petition for a writ of habeas corpus is the only avenue Petitioner could use to obtain such relief.   Accordingly, the Court finds that Petitioner's "Motion for Federal Court Intervention Pertaining to Habeas Corpus Bail Pursuant to 28 U.S.C. § 2254(b)(1)(B)" is a petition for a writ of habeas corpus under to 28 U.S.C. § 2254.

Nevertheless, should Petitioner bring a subsequent § 2254 Petition alleging the substantive grounds for relief made in his pending state court habeas petition, such a petition would *not* be foreclosed by Section 2254's bar against second or successive petitions.   To be sure, not all petitions filed under the habeas statute count towards its successive petition rule.   Where a first petition is dismissed "for technical procedural reasons," such as failure to exhaust state remedies, a refiling of that petition after complying with the required formalities does not qualify as "second

or successive." *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *see also Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (citing *Slack*, 529 U.S. at 487).

Relevant to the instant case, a petition that has been finally adjudicated on the merits will not count for purposes of the successive petition rule unless the second petition "attacks the same judgment that was attacked in the prior petition." *Vasquez*, 318 F.2d at 390 (citing *Thomas v. Superintendent/Woodbourne Coor. Fac.*, 136 F.3d 227, 229 (2d Cir. 1997)). Thus, "to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." *Id.* (holding that because the petitioner's first petition sought relief that "could have been granted without calling into question the legality of his conviction and sentence," the petitioner's second petition attacking the legality of his conviction was not barred by the AEDPA's rule against successive petitions); *see also Curtis v. Chesterfield Cty. Va.*, 513 F. App'x 292, 293 (4th Cir. 2013) (quoting *Vasquez*, 318 F.3d at 390).

Here, Petitioner's Motion for Habeas Corpus Bail does not seek a determination that his underlying conviction is unlawful. Rather, he seeks a determination by this Court that the state court's delay in ruling on his motion for bail is unconstitutional and that he should be released on bail pending review of his state court habeas petition. Because this relief could be granted without calling into question the legality of his conviction and sentence, should Petitioner choose to file a subsequent petition under Section 2254 challenging his underlying conviction, such a petition would not be barred by the AEDPA's rule against successive petitions. Moreover, because this Court also finds that Petitioner's Motion for Habeas Corpus Bail should be denied due to his failure to exhaust, any successive petition would not be foreclosed, as its denial is grounded in "technical procedural reasons." *See Slack*, 529 U.S. at 487.

Accordingly, because the instant Motion for Habeas Corpus Bail does not challenge the legality and constitutionality of Petitioner's state court conviction, and because the Motion for Habeas Corpus Bail is denied on exhaustion grounds, any subsequent petition by Petitioner challenging the legality of his conviction is not barred by the AEDPA's rule against successive petitions.

## IV.    CONCLUSION

For the reasons explained more fully above, the Court **OVERRULES** Petitioner's objections, (ECF No. 22), **ADOPTS** the PF&R, (ECF No. 18), **DENIES** Petitioner's Motion for Habeas Corpus Bail, (ECF No. 1), and **DISMISSES** this action **WITHOUT PREJUDICE** from the docket of the Court.   The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

The Court has also considered whether to grant a certificate of appealability.   See 28 U.S.C. § 2253(c).   A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debateable or wrong and that any dispositive procedural ruling is likewise debatable.   *See Miller– El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).   Because Petitioner has not made a substantial showing of the denial of a constitutional right in his § 2254 Petition and objections to the PF&R, the Court **DENIES** a certificate of appealability.   Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate

of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

IT IS SO ORDERED.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          September 30, 2022

THOMAS E. JOHNSTON, CHIEF JUDGE

25